```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ICICI BANK LIMITED, NEW YORK BRANCH,                                   :
                                                                       :
                              Plaintiff,                               :
                                                                       :      23 Civ. 10570 (JPC)
               -v-                                                     :
                                                                       :             ORDER
RAKESH KAPADIA,                                                        :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On December 4, 2023, Plaintiff filed the Complaint in this matter.  Dkt. 1.  On February 26, 2024, Plaintiff filed three affidavits of service, purporting to show that service has been effected on Defendant.  Dkts. 7-9.  To date, Defendant has neither responded to the Complaint nor appeared in this action.  In order to determine whether it is appropriate to set a schedule for a default judgment motion, the Court requires further information on two issues.

First, the Complaint alleges that Defendant is "an individual *residing*" in California.  Dkt. 1 ¶ 2.  Residence alone, however, is insufficient to establish citizenship for purposes of establishing diversity jurisdiction.  *See, e.g.*, *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[I]t is well-established that allegations of residency alone cannot establish citizenship.").

Second, based on the Court's review of the filings, it is not apparent that Plaintiff has validly served the summons and Complaint on Defendant.  "[A]bsent written acknowledgment of receipt of summons . . . service by mail is not effective in California."  *Murillo v. Ramos*, No. 22 Civ. 548, 2023 WL 4375644, at *2 (S.D. Cal. July 6, 2023).  The affidavits of service that Plaintiff filed indicate that the summons and complaint were mailed to Defendant's alleged personal residence, but no acknowledgement of receipt is reflected in those affidavits.  *See* Dkt. 7 at 1; Dkt. 9 at 1.  Plaintiff's affidavits of service also indicate that

service was effected by mailing the summons and complaint to Defendant care of what appears to be a business address and by leaving the documents with a front desk agent at that same address. *See* Dkt. 7 at 2; Dkt. 8 at 1.  The filings do not establish whether this is a correct business address for Defendant. *Cf.* Cal. Code Civ. Proc. § 415.20(a).  In fact, in a September 28, 2023 email attached as Exhibit 4 to the Complaint, the person associated with that business address denied being the same Defendant that is named in this case. Dkt. 1-4.

By April 23, 2024, Plaintiff is ordered to submit a letter, of no longer than five pages single-spaced, explaining why this case should not be dismissed for lack of subject matter jurisdiction and why Plaintiff's service efforts to date constitute effective service.

SO ORDERED.

Dated: April 16, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge